### French's Estate.

4

*Francis Shunk Brown,* for exceptions; *Robert F. Irwin, Jr.,* contra.

HENDERSON, J., Dec. 20, 1929.—These exceptions raise a single question—
*i. e.,* had the surviving child of the testator the right to terminate the trust?

By paragraph 17 of his will the testator directed as follows:

"Should the majority of my children then living at any time think it best
to have the trust established by this will dissolved they can do so by their
written direction and consent addressed to the trustees of my estate for that
purpose; provided, however, that the trust established and hereby confirmed
for my son, Emmor D. French, shall be absolute, and the income arising from
the same shall be for his own personal benefit and in no way liable for his
debts, contracts, or engagements, whether by way of assignment, anticipation
or otherwise whatsoever, and in case of his death, the income from said por-

tion of my estate which would have gone to my son, Emmor D. French, were he alive, shall be paid unto his children, share and share alike; and in case of the death of any one or more of his children without legal issue, then to the survivors or survivor of them."

The exceptant urges that the one surviving child is not a majority of the children now living. It is more than a majority, in that it is all the children now living. Some one has claimed that he and the Almighty made a majority; but in this case we have a majority without the addition of the Almighty.

The exceptions are dismissed and the adjudication is confirmed absolutely.